Filed 8/18/23  P. v. Villegasluna CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096944 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF00514) |
| v. | |
| MIRELLA ANABEL VILLEGASLUNA, | |
| Defendant and Appellant. | |

Defendant Mirella Anabel Villegasluna pled no contest to acting in concert with force to commit oral copulation on a victim under 14 years of age and misdemeanor possession of cannabis for sale.  The trial court originally sentenced her to the upper term of 14 years in prison on the oral copulation conviction and a concurrent six months for the marijuana offense.  Defendant appealed asking this court to review the record and determine whether there were any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirmed her convictions but remanded the case for resentencing due to recent changes in the sentencing laws.  On remand, the trial court sentenced defendant

1

to the middle term of 12 years on the felony conviction, leaving all other terms of her sentence unchanged.

Defendant appeals again asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We take the facts from our prior opinion. (*People v. Villegasluna* (Aug. 2, 2022, C094220) [nonpub. opn.] (*Villegasluna*).)

"During the relevant time period, defendant was in an abusive relationship with her boyfriend, who threatened to kill her and her family if she did not force her daughter to engage in sex acts with him. Defendant forced and instructed her nine-year-old daughter to orally copulate the boyfriend and also forced her daughter to receive oral sex from the boyfriend. Marijuana, pay-owe sheets, and a large amount of cash were located in defendant's apartment, and defendant admitted that she cultivated the marijuana for sale.

"In September 2020, defendant ple[d] no contest to acting in concert with force to commit oral copulation on a victim under 14 years of age . . . , along with misdemeanor possession of cannabis for sale . . . , in exchange for dismissal of the remaining counts with a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.) The parties stipulated to the probation report as the factual basis for the plea. . . . Under the terms of the written plea agreement, probation and sentencing were left to the trial court's discretion." (*Villegasluna*, *supra*, C094220.)

"In May 2021, the trial court sentenced defendant to the upper term of 14 years in prison on the oral copulation conviction and a concurrent six months for the marijuana offense. The trial court ordered defendant to pay various fines and fees, awarded . . . presentence credit . . . , and issued a 10-year criminal protective order under [Penal Code] section 136.2 prohibiting defendant from having contact with her daughter.

Defendant did not obtain a certificate of probable cause." (*Villegasluna*, *supra*, C094220.)

We affirmed defendant's convictions, but remanded the case for resentencing due to the changes in the sentencing laws that went into effect while the appeal was pending. (*Villegasluna*, *supra*, C094220.)

In September 2022, the trial court resentenced defendant to the middle term of 12 years in prison for the oral copulation conviction and a concurrent six months for the marijuana offense. The court reimposed all of the fines and recalculated defendant's custodial credit.

Defendant timely appealed. After the appeal was filed, the trial court submitted an amended abstract of judgment with corrected custodial credit.

## DISCUSSION

In this appeal, appointed counsel has once again filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.


/s/
ROBIE, Acting P. J.


We concur:


/s/
RENNER, J.


/s/
KRAUSE, J.